IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 19-cv-00705-GPG

LARRY DELANEY,

    Applicant,

v.

DEAN WILLIAMS, Exec. Director, C.D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1)[1] filed *pro se* by Applicant, Larry Delaney, on March 8, 2019. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 7.)[2]

---

[1] "(ECF # 1)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659

The Court must construe the application liberally because Mr. Delaney is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the application be denied and the action be dismissed.

## I. DISCUSSION

Mr. Delaney indicates in the application that he is challenging the validity of his conviction in Denver District Court case number 93CR150. However, he claims only that his rights to equal protection and equal access to the courts have been violated because he is being prevented from filing a petition in the Colorado Supreme Court pursuant to Rule 21 of the Colorado Appellate Rules. According to Mr. Delaney, "any pro-se submission filed with [the Colorado Supreme] Court is being destroyed by one of the clerks upon receipt." (ECF No. 1 at 5.) Mr. Delaney states that the "[r]elief requested is to require state process to proceed as allowed or alternatively exempt me from any further need to present claims for relief to state courts due to a lack of available state remedies." (*Id.* at 7.)

On April 9, 2019, the Court entered an order giving Mr. Delaney an opportunity to

---

(10th Cir. 1991).

file an amended application within thirty days if he wishes to assert any federal constitutional claims challenging the validity of his conviction. Mr. Delaney has not filed an amended application within the time allowed. Therefore, the original application is the operative pleading before the Court.

As the Court explained to Mr. Delaney in the Court's prior order, his claim that he is being denied equal protection and equal access to the courts in connection with state court postconviction proceedings is not a cognizable habeas corpus claim because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). In other words, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Instead, habeas corpus relief is warranted only if Mr. Delaney "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Relief under § 2254 is not available for violations of state law. *See Richmond v. Embry*, 122 F.3d 866, 870 (10th Cir. 1997).

Mr. Delaney fails to assert a claim that demonstrates his federal constitutional rights have been violated or that he is entitled to habeas corpus relief. Furthermore, despite the specific instructions in the order directing him to file an amended application,

Mr. Delaney has failed to file an amended application that asserts any federal constitutional claim challenging the validity of his conviction.

## II. RECOMMENDATION

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) be denied and the action be dismissed because Applicant is not asserting any federal constitutional claims.

DATED at Grand Junction, Colorado, this 20th day of May, 2019.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge